IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RODGER PHILLIP HERNANDEZ | § | |
| v. | § | CIVIL ACTION NO. 6:11cv352 |
| SHERIFF RAY NUTT, ET AL. | § | |

MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Rodger Hernandez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants in the lawsuit are Henderson County Sheriff Ray Nutt, deputies Craig Parker and Adam Smith, and a jailer named Patricia Lewallen.

Hernandez states that he was arrested on July 15, 2010, by Parker and Smith on charges of aggravated assault with a deadly weapon, even though the assertions made by the alleged victim of the assault, Melinda Smith, did not support her claim. He stayed in jail for nine months but was acquitted by the jury when the case finally came up for trial. He says that the testimony of the officers at trial shows that there was not probable cause to arrest him. While in the Henderson County Jail, Hernandez says, Lewallen verbally abused him.

Hernandez also complained that while he was in jail, Smith stole some $18,000 worth of his personal property. He asked the Henderson County Sheriff's department to file criminal charges against her, but no charges were ever filed.

The Defendants were ordered to answer and have filed a motion to dismiss, or, in the alternative, a motion for more definite statement. Henderson has filed a response to this motion.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted as to Lewallen and Nutt, and that the Defendants' alternative motion for more definite statement be granted as to the claims against Craig Parker and Adam Smith. Hernandez filed objections to this Report on December 29, 2011.

In his objections, Hernandez argues that Sheriff Nutt should be "held for his actions" and not dismissed from the case. He notes that a police report was filed concerning the property stolen by Melinda and says that "all men are created equal" and so he deserves justice.

Next, Hernandez says that Lewallen abused him after his acquittal by the jury, and says that she "abused her power" and should be held accountable for this. Finally, he says that the testimony during the examining trial shows that there was doubt as to who was the aggressor in the assault, and that this doubt existed during the criminal trial. He also contends that the testimony of Craig Parker and Adam Smith "changed completely," thus showing that they had committed "perjury from the witness stand."

In support of this claim, Hernandez attaches copies of transcripts of testimony from the examining trial. Smith testified that he had been looking for Hernandez while Parker was talking to Melinda, and that when Hernandez was arrested, he "seemed to be fairly calm." Parker said that he was not the arresting officer, but merely "the transporting officer and back up officer for Deputy Parker," and stated that he did not remember telling Hernandez that he "did not feel right" about arresting him. He also has a statement which he made at the examining trial denying that he used a weapon, but saying that he had taken the knife away from Melinda.

The Magistrate Judge recommended that Sheriff Nutt be dismissed because Hernandez did not have a constitutional right to have Melinda prosecuted and because Hernandez did not set out a claim against Nutt for liability in his position as a supervisor. Hernandez simply argues in response that Nutt should be responsible for the actions of his officers and that he, Hernandez, is "entitled to justice." These objections are without merit.

Hernandez says that Lewallen abused her authority by directing verbal abuse at him after his acquittal. As the Magistrate Judge says, verbal abuse is not a basis for a Section 1983 lawsuit. Hernandez's objections on this point are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is adopted as the opinion of the District Court. It is further

ORDERED that the Defendants' motion to dismiss (docket no. 10) is GRANTED as to the Defendants Patricia Lewallen and Sheriff Nutt. These Defendants are hereby DISMISSED from the lawsuit with prejudice. It is further

ORDERED that the Defendants' alternative motion for more definite statement, also contained within docket no. 10, is GRANTED as to the Defendants Craig Parker and Adam Smith. The Plaintiff shall have thirty days from the date of receipt of this order in which to file a more definite statement setting out his claims against Parker and Smith with more factual specificity. Such pleading may, but need not, take the form of a response to the Defendants' motion for summary judgment. Failure to file a more definite statement may result in the dismissal of the Plaintiff's lawsuit, with or without prejudice, for failure to prosecute or to obey an order of the Court. Rule 41(b), Fed. R. Civ. P.

**It is SO ORDERED.**

**SIGNED this 19th day of January, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE