IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RODGER PHILLIP HERNANDEZ | § | |
| v. | § | CIVIL ACTION NO. 6:11cv352 |
| SHERIFF RAY NUTT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Rodger Hernandez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hernandez complains of an incident in which he was arrested by Officers Adam Smith and Craig Parker on charges of aggravated assault with a deadly weapon, even though the assertions made by the alleged victim, Melinda Smith, did not support her claim. He stayed in jail for nine months but was ultimately acquitted by the jury.

Two of the defendants, Sheriff Ray Nutt and jailer Patricia Lewallen, have already been dismissed from the lawsuit. Parker and Smith have filed a motion for summary judgment.

After review of this motion and Hernandez's pleadings, the Magistrate Judge issued a Supplemental Report on April 10, 2012, recommending that the motion for summary judgment be granted and the lawsuit be dismissed. The Magistrate Judge determined that Hernandez had failed to show that the police officers lacked probable cause to arrest him, based upon their knowledge at the time of the arrest, and that the officers were entitled to qualified immunity. Hernandez filed objections to the Magistrate Judge's Report on April 30, 2012.

1

After complaining that he was not appointed counsel, Hernandez asserts that the Magistrate Judge says that he was acquitted "because the State did not prove their case," which he says "leaves the notion that the plaintiff was guilty." Hernandez did not show that exceptional circumstances existed warranting appointment of counsel. *See* Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The fact that he was acquitted means, as with every other person acquitted in a criminal trial, that the State did not prove his guilt beyond a reasonable doubt. These contentions are without merit.

Next, Hernandez complains that the Magistrate Judge mischaracterized the testimony at the examining trial by saying that Officer Smith had been interrupted; he says that Officer Smith was not interrupted in the examining trial and that Smith's testimony was clear. The relevant portion of the examining trial reads as follows:

| Q: (by Hernandez): | Did you believe I was the aggressor in the case? |
| --- | --- |
| A: (Officer Smith): | I didn't – |
| Ms. Rumar (DA): | Your Honor, I object as irrelevant as to what the deputy believed. |
| The Court: | You were not the arresting officer? |
| A: (Officer Smith): | No, sir. I was only the transporting officer and backup officer for Deputy Parker. |
| The Court: Okay. | |

(Transcript of Examining Trial, docket no. 30-3, p. 25).

This testimony makes clear that Smith started to answer Hernandez's question by saying "I didn't –" and then was interrupted by the prosecutor's objection. Hernandez has not shown that the Magistrate Judge mischaracterized the testimony. His objection is without merit.

Next, Hernandez complains that his accuser, Melinda Smith, "changed her testimony three times." He does not explain what these changes were. More pertinently, as the Magistrate Judge said, the question is whether the officers believed that they had probable cause at the time of the arrest. If Melinda Smith changed her testimony at the examining trial or at trial, both of which came

after the arrest, this would have no bearing on the officers' knowledge at the time. Hernandez's objection on this point is without merit.

Hernandez goes on to say that he is "outraged" at the Magistrate Judge's statement that Smith testified at the examining trial that he was the transporting officer and also back-up officer. As set out above, this is exactly what Smith said in the examining trial. This objection is without merit.

Similarly, Hernandez complains that the Magistrate Judge stated that he, Hernandez, had left the house to go pay rent; he contends that there was nothing in the transcript saying that. At the examining trial, Hernandez testified as follows:

> I had a 10 o'clock appointment with my landlord. I was supposed to pay the rent, but Melinda took my wallet and she just got her check and she was going to help pay the rent and she decided she wasn't going to do that now. So I was pretty much stranded.
>
> So I went and talked to the landlord and thought everything was settled, and when I came back the police were there.

(Transcript of Examining Trial, pp. 28-29).

Even if Hernandez just went to talk to his landlord, rather than actually pay the rent, this does not show any basis upon which to reject the Report of the Magistrate Judge. This objection is without merit.

Finally, Hernandez complains about the dismissal of Nutt and Lewallen. He offers no basis upon which to revisit the dismissal of these parties, nor any showing that the dismissal of Nutt and Lewallen was in error. Hernandez's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Supplemental Report of the Magistrate Judge (docket no. 36) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 27) be granted and that the above-styled civil action be dismissed with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 7th day of May, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE